IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS BARNDT,                          :
                                        :
          Plaintiff,                    :        CIVIL ACTION
                                        :
     v.                                 :
                                        :        NO. 15-2729
MICHAEL WENEROWICZ, et al.,             :
                                        :
          Defendants.                   :
                                        :
                                        :

MEMORANDUM

Tucker, C.J.                                      November _8th_, 2016

Presently before the Court are Defendants' Motion for Summary Judgment (Doc. 46) and

Plaintiff's Response in Opposition (Doc. 49). Upon consideration of the parties' motions and for

the reasons set forth below, Defendants' Motion for Summary Judgment is GRANTED.

I.    FACTUAL BACKGROUND

Plaintiff Thomas Barndt ("Plaintiff"), an inmate in the SCI-Graterford state prison, brings

this *pro se* civil action against SCI-Graterford correctional officers Luquis, Galloway, Webster,

Weaver, Bogan, Hannibal, Mejias, Harntett, and Lacey ("Defendants") in response to incidents

that Plaintiff alleges were in violation of his constitutional rights.

On or about July 10, 2013, Defendants Weaver, Bogan, Hannibal, Hartnett, or Lacey,

converted Plaintiff's contact visit with his family, including his two granddaughters, to a non-

contact visit. Pl.'s Dep. at 11-12, Doc. 46, Ex. 1. Plaintiff alleges that this occurred after two

Defendants witnessed him shaking hands with a Jamaican prisoner.[1] Pl.'s Dep. at 12. Defendants

assert that the visit was converted because a notation in Plaintiff's file indicated that he was not

---

[1] During the deposition, Plaintiff did not specify which two Defendants witnessed this encounter.

allowed to have contact with minors. Decl. of George Robinson at ¶ 8, Doc. 46, Ex. 2. In keeping with prison policy, Defendants converted the contact visit to a non-contact visit because at least one of Plaintiff's visitors was a minor. *Id.* In response to the grievance Plaintiff filed, Plaintiff was told that the visit was converted because his prison records from a previous penal institution noted that he was not authorized to have contact visits with minors. Decl. of George Robinson at ¶ 6. Defendants concede in their Motion for Summary Judgment that the notation may have been added to Plaintiff's prison record in error. Defs.' Mot. Summ. J. at 8.

Between June 30, 2014 and July 28, 2014, Plaintiff alleges Defendants Galloway, Webster, and Mejias denied him out of cell exercise, fresh air, and showers. Pl.'s Dep. at 30. Despite this denial, Plaintiff was able to exercise in his cell, with enough space to do sit-ups and push-ups, and had a sink in his cell with running water. Pl.'s Dep. at 42-43. Plaintiff did not receive medical treatment during this twenty-eight day period. Pl.'s Dep. at 31. Plaintiff was released from his cell for a shower on July 29, 2014. Pl.'s Dep. at 42.

On September 27, 2014, Defendants Crane and Williams confiscated two photos of Plaintiff's grandson, and issued a misconduct for his possession of the photographs.[2] Pl.'s Dep. at 34. Plaintiff alleges that Defendant Luquis, the Unit Manager for the Special Needs Unit, allowed the photos to be confiscated because the photos showed Plaintiff's "light-skinned" grandson who "resemble[d] a Jamaican." Pl.'s Dep. at 34. Plaintiff filed a grievance in response to this incident, and the Hearing Officer assigned to the incident dismissed the misconduct charge on September 30, 2014. Pl.'s Dep. at 35. Plaintiff also alleges that Defendant Luquis continued to claim that the photos were contraband in October and November 2014, even though the misconduct charge was dropped. Pl.'s Dep. at 36.

---

[2] Defendants Crane and Williams are no longer parties to this action as their joint Motion to Dismiss was granted on October 13, 2015.

Finally, on or about June 30, 2014, Defendant Webster confiscated Plaintiff's soup while he was housed in the Special Needs Unit. Pl.'s Mem. Opp'n to Mot. Summ. J. at 1, Doc. 49.

## II.    STANDARD OF REVIEW

Summary judgment is awarded only when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). In order to defeat a motion for summary judgment, there must be a factual dispute that is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49, (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A fact is "material" if it is "one that might 'affect the outcome of the suit under governing law.'" *Smith v. Johnson & Johnson*, 593 F.3d 280, 284 (3d Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute as to a material fact is "genuine" if it "is one that 'may reasonably be resolved in favor of either party.'" *Lomando v. United States*, 667 F.3d 363, 371 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 250).

The movant has the initial "burden of identifying specific portions of the record that establish the absence of a genuine issue of material fact." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citations omitted).  "Where the defendant is the moving party, the burden is on the defendant to show that the plaintiff has failed to establish one or more essential elements of her case." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).  If the movant sustains its initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and 'come forward with specific facts showing that there is a *genuine issue for trial.*'" *Santini*, 795 F.3d at 416 (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249 (citations omitted); *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Communications, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

## III.    DISCUSSION

Defendants move for summary judgment on the grounds that Plaintiff fails to establish a constitutional violation pursuant to 42 U.S.C. § 1983. Section 1983 creates a "federal cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution.'" 42 U.S.C. § 1983. To demonstrate a § 1983 violation, a plaintiff must show that the defendant, acting under the color of law, violated the underlying constitutional right. *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *see e.g. Dee*, 549 F.3d at 229 ("In this [suspension without just cause] case, the right upon which Dee bases his § 1983 claim is his Fourteenth Amendment right to procedural due process.").

Because Plaintiff has "filed his complaint *pro se*, [this Court] must liberally construe his pleadings." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, this Court "will apply the

applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Dluhos*, 321 F.3d at 373 *citing Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotations omitted).

Defendants claim that Plaintiff failed to establish a constitutional violation pursuant to § 1983 because (1) Defendant's did not violate the Fourteenth Amendment Equal Protection clause by converting Plaintiff's contact visit because Plaintiff does not have a constitutional right to contact visits; (2) denying Plaintiff of showers and out of cell exercise for twenty-eights days without deliberate indifference to his health and safety was not severe enough to violate the Eighth Amendment; (3) confiscating Plaintiff's photos and soup did not violate his Fourth Amendment right against unreasonable search and seizure; and (4) Plaintiff has not established that Defendant Luquis' characterization of his photos as contraband violated his Fourteenth Amendment Due Process rights by undermining the adequacy of the Department of Corrections' ("DOC") grievance procedure to obtain post-deprivation relief. Finally, Defendants argue that even if Plaintiff meets his burden to establish a claim pursuant to § 1983, Defendants are entitled to qualified immunity. The Court will address each argument in turn.

A. Claims Arising Under 42 U.S.C. § 1983

*Plaintiff's Fourteenth Amendment Equal Protection Claim*

Under the Fourteenth Amendment Equal Protection Clause, similarly situated persons should be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). To state a claim for violation of the Equal Protection Clause under the "class of one" theory, a plaintiff must "allege[] that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) *citing Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To assert an equal protection claim under this theory, a plaintiff must demonstrate

5

that "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill*, 455 F.3d at 239.

Plaintiff argues that Defendants violated his rights under the Fourteenth Amendment Equal Protection Clause by converting his contact visit to non-contact; however he fails to establish a discernable claim under the class of one theory. First, Plaintiff does not allege the existence of similarly situated prisoners who were treated differently. Second, Plaintiff concludes that Defendants intentionally revoked his contact visit due to his relationship with Jamaican prisoners but does not provide evidence for this conclusion. Pl.'s Dep. at 12.

Finally, Plaintiff argues there was no rational basis for the difference in treatment. The Supreme Court has held that prison security concerns may lead to a legitimate restriction of contact visits. *See Block v. Rutherford*, 468 U.S. 576, 589 (1984) ("[T]he Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility."). Legitimate prohibition on contact visits is acceptable even if it limits contact with family members. *Inmates of Allegheny County v. Pierce*, 612 F.2d 754, 759 (3d Cir. 1979) (holding that contact visits could be prohibited even to family members in response to legitimate concerns of prison security, such as restricting contraband that prisoners might attempt to smuggle into the prison after contact visits). When visitation is permitted, it is narrowly prescribed. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 463 (1989) (asserting prison officials have the authority to follow procedures to deny visitation based on the relationship between the inmate and visitor, when the officials feel that the visitor's presence would interfere with the prison's orderly operation). The Third Circuit has held that denying a

6

prisoner's contact visit does not violate the Fourteenth Amendment Due Process clause, or the

Eighth Amendment. *Henry v. Dep't of Corrections*, 131 F. App'x. 847, 851 (3d Cir. 2005).

Plaintiff's file included a notation indicating that he was not permitted to have contact

with minors. Decl. of Robinson ¶ 6.  Because Plaintiff's contact visit with his family included his

two granddaughters, legitimate prison security concerns arose. Thus, even if Plaintiff alleged the

existence of similarly situated prisoners who were treated differently, there was a rational basis

for Defendants to revoke the contact visit. Accordingly, Defendants are entitled to summary

judgment on Plaintiff's Fourteenth Amendment Equal Protection Clause claim.

*Plaintiff's Eighth Amendment Prison Conditions Claim*

The Eighth Amendment requires prison officials to provide "humane conditions of

confinement" including adequate food, clothing, shelter, and medical care. *Farmer v. Brennan,*

511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when his conduct

exhibits a "deliberate indifference" to inmate health or safety, and the official knows that the

inmate will face a substantial risk of serious harm. *Id.* at 834.

The court must consider objective factors when analyzing prison conditions, including

the availability of recreation within the cell and the duration of confinement. *Peterkin v. Jeffes*,

855 F.2d 1021, 1025 (3d Cir. 1988). "A temporary denial of outdoor exercise with no medical

effects is not a substantial deprivation." *Gattis v. Phelps*, 344 F. App'x. 801, 805 (3d Cir. 2009)

*citing May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Furthermore, a prisoner's claim that

"his exercise was limited to three days per week and that he was not guaranteed outdoor exercise

at all times—was insufficiently serious to implicate the Eighth Amendment." *Id*. Even minimal

provision of time for exercise and recreation may satisfy constitutional requirements. *See, e.g.,*

*Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (finding that forty-five minutes of out-of-

cell recreation time per week is constitutional); *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) (finding denial of outdoor recreation for thirteen days not cruel and unusual punishment).

Denial of showers for a temporary period of time is not a constitutional violation. *See Briggs v. Heidlebaugh*, No. 96-CV-3884, 1997 WL 318081, at *3 (E.D. Pa. May 21, 1997) (holding that denial of shower for two weeks did not give rise to a constitutional deprivation); *Devon v. Warden SCI-Mahoney*, No. 3:08-CV-1448, 2008 WL 3890161, at *5 (E.D. Pa. Aug. 19, 2008) ("the deprivation of privileges, including showering, telephone, and recreation during that limited two (2) week period does not rise to the level of a viable constitutional claim."); *see also Veteto v. Miller*, 829 F.Supp. 1486, 1496 (M.D. Pa.1992) (stating deprivation of showers during the Plaintiff's placement in administrative detention was not an Eighth Amendment violation); *see also Shakka v. Smith*, 71 F.3d 162, 168 (4th Cir. 1995) (holding that denial of showers for three days was not cruel and unusual punishment because plaintiff had other ways to clean himself).

Plaintiff argues that the denial of out of cell exercise and showers for twenty-eight days violated his Eighth Amendment right against cruel and unusual punishment. Though Plaintiff was denied out of cell exercise for twenty-eight days, more than twice the amount of time ruled constitutional in *Devon*, Plaintiff did not demonstrate that he suffered ill health effects or sought medical care at the end of the twenty-eight days. Pl.'s Dep. at 31. Objective factors also weigh against a violation of Eighth Amendment rights, as Plaintiff had the space to exercise and access to running water inside his cell. Pl.'s Dep. at 42. Because Plaintiff has not established that Defendants acted with deliberate indifference to his health or safety, and that Defendants knew

Plaintiff would face a substantial risk of serious harm, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim.

*Plaintiff's Fourth Amendment Claim*

A cognizable Fourth Amendment claim of unreasonable search arises when "the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 740 (1979). However, the "Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). This "does not mean that [the prisoner] is without a remedy for calculated harassment unrelated to prison needs. Nor does it mean that prison attendants can ride roughshod over inmates' property rights with impunity. The Eighth Amendment always stands as a protection against 'cruel and unusual punishments.'" *Id.* at 530.

Plaintiff argues that his Fourth Amendment privacy rights were violated when his photographs and soup were confiscated. However as a prisoner, Plaintiff did not have a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' within the confines of his cell. *Smith,* 442 U.S. at 740. Because Plaintiff does not have a right to privacy in his cell and has not shown that the confiscation amounted to cruel and unusual punishment, Defendants are entitled to summary judgment on Plaintiff's Fourth Amendment claim.

*Plaintiff's Fourteenth Amendment Due Process Claim*

When considering a Fourteenth Amendment Due Process claim, the Court must "look to the private interest, the governmental interest, and the value of the available procedure in

safeguarding against an erroneous deprivation" of life, liberty, or property. *Tillman*, 221 F.3d at 421; *see also Matthew v. Elridge*, 424 U.S. 319, 335 (1976). This balancing has been interpreted to mean that "an intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. For example, a "grievance program [that] allowed prisoners to complain about 'any' matter that is 'unjust,' and as updated, also provided for direct appeal to the warden [was] . . . an adequate post-deprivation remedy in the grievance program." *Tillman*, 221 F.3d at 422; *see also Hudson*, 468 U.S. at 535 (supporting the idea that an adequate post-deprivation remedy would foreclose a claim under § 1983 even if plaintiff believes the lost property was irreplaceable because "[i]f the loss is 'incompensable,' this is as much so under § 1983 as it would be under any other remedy.").

As the Court can best discern, Plaintiff argues that Defendant Luquis violated his due process right by characterizing his photos as contraband after his misconduct charge was dropped. Though Defendant Luquis' continued characterization of the photos as contraband may have been incorrect, Plaintiff successfully availed himself of the available post-deprivation grievance procedure. The prison's post-deprivation grievance procedure provided a balanced remedy for Plaintiff's property interests and the government's interests in restricting potentially harmful contraband. In fact, the misconduct charge Plaintiff received because of the photos in his possession was dismissed. Pl.'s Dep. at 35. Plaintiff has not established that Defendant Luquis' characterization of the photos undermined the adequacy of the available grievance procedure. Therefore, Plaintiff may not bring a claim under § 1983 and Defendants are entitled to summary judgment on Plaintiff's Fourteenth Amendment Due Process claim.

B.  Qualified Immunity

Qualified immunity shields government officials from civil liability as long as their conduct does not violate clearly established statutory or constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  A court must determine whether the facts alleged clearly establish a constitutional right and demonstrate that a constitutional right was violated. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) *citing Saucier v. Katz*, 533 U.S. 194, 201 (2001). A court can exercise its discretion when determining which of the two prongs it will address first. *Pearson*, 555 U.S. at 236. Defendants are not immune if objectively, no reasonable official would have concluded that the action was lawful; but if reasonable officials could disagree, immunity should be recognized. *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

As discussed at length, Plaintiff failed to demonstrate that Defendants violated his Fourth Amendment, Eighth Amendment, or Fourteenth Amendment rights. Because Defendants' conduct did not violate Plaintiff's constitutional rights, Defendants are entitled to qualified immunity.

IV.  **CONCLUSION**

For the reasons set forth herein, this Court concludes that Plaintiff has failed to present specific facts to show there is a genuine issue for trial. Therefore, Defendants' Motion for Summary Judgment is GRANTED. An appropriate order follows.